Bank of N.Y. Mellon v Viola (2020 NY Slip Op 01895)





Bank of N.Y. Mellon v Viola


2020 NY Slip Op 01895


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05382
2017-05385
2017-11580
2017-11581
 (Index No. 2138/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Raymond Viola, appellant, et al., defendants.


Hutchinson & Hutchinson, P.C., Oyster Bay, NY (Richard L. Hutchinson of counsel), for appellant.
Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Raymond Viola appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 15, 2017, (2) an order of the same court also entered February 15, 2017, (3) an order of the same court entered October 5, 2017, and (4) an order and judgment of foreclosure and sale (one paper) also entered October 5, 2017. The first order entered February 15, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Raymond Viola, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him and for summary judgment dismissing the complaint insofar as asserted against him. The second order entered February 15, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Raymond Viola, to strike that defendant's answer, and for an order of reference, denied that defendant's cross motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him and for summary judgment dismissing the complaint insofar as asserted against him, and appointed a referee to compute the amount due to the plaintiff. The order entered October 5, 2017, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's cross motion to reject the referee's report. The order and judgment of foreclosure and sale, upon the orders entered February 15, 2017, and October 5, 2017, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, denied the defendant's cross motion to reject the referee's report, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders entered February 15, 2017, and October 5, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders entered February 15, 2017, and October 5, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On July 29, 2004, the defendant Raymond Viola (hereinafter the defendant) executed a note in the sum of $348,000, which was secured by a mortgage on real property in Hicksville. On September 24, 2009, the plaintiff commenced an action to foreclose the mortgage. That action was discontinued on July 25, 2014.
The plaintiff commenced this mortgage foreclosure action on March 10, 2015. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him and for summary judgment dismissing the complaint insofar as asserted against him. In an order entered February 15, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross motion. In a second order entered February 15, 2017, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale, and the defendant cross-moved to reject the referee's report. In an order entered October 5, 2017, the court granted the plaintiff's motion and denied the defendant's cross motion. On October 5, 2017, the court entered an order and judgment of foreclosure and sale granting the plaintiff's motion, denying the defendant's cross motion, confirming the referee's report, and directing the sale of the subject property. The defendant appeals.
We agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against him as time-barred. The defendant contends that the plaintiff accelerated the mortgage debt on June 16, 2008, by a letter of default that Countrywide Home Loans Servicing, LP (hereinafter Countrywide), the servicer of the subject loan, sent to the defendant. The letter of default stated that if the default was not cured by July 21, 2008, "the mortgage payments will be accelerated." Contrary to the defendant's contention, this language "was merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d 145, 152; see U.S. Bank N.A. v Gordon, 176 AD3d 1006).
As the plaintiff contends, acceleration of the full amount of the debt occurred on September 24, 2009, when the plaintiff filed the summons and complaint that commenced the prior foreclosure action (see Milone v US Bank N.A., 164 AD3d at 153). As such, this action, which was commenced on March 10, 2015, is timely, as it was commenced less than six years later. Since the defendant failed to meet his initial burden of demonstrating that the action was untimely, the burden never shifted to the plaintiff to raise a question of fact as to whether the action was timely (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1240). Therefore, the issue of whether the plaintiff's voluntary discontinuance of the prior action amounted to a revocation of the initial acceleration is academic.
The plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241; cf. U.S. Bank N.A. v Duthie, 161 AD3d 809, 811). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
It is undisputed that the referee failed to provide notice to the defendant pursuant to [*2]CPLR 4313, or to hold a hearing on the issues addressed in the referee's report. However, as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702). Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d at 1236; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d at 702). Therefore, the defendant failed to establish that the court erred in confirming the referee's report and awarding the plaintiff a judgment of foreclosure and sale on the ground that the referee failed to provide notice of a hearing or hold a hearing.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court