Bank of N.Y. Mellon v George (2020 NY Slip Op 04532)





Bank of N.Y. Mellon v George


2020 NY Slip Op 04532


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-09255
 (Index No. 23817/11)

[*1]Bank of New York Mellon, etc., respondent,
v
Denise L. George, et al., defendants, Feinmore St. Realty, Inc., appellant.


Avi Rosenfeld, Lawrence, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fenimore St. Realty, Inc., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated March 28, 2017. The order and judgment of foreclosure and sale, upon an order of the same court, also dated March 28, 2017, inter alia, denying those branches of that defendant's cross motion which were, in effect, to reject the referee's report and to toll and cancel accrued interest, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On July 24, 2006, the defendants Denise L. George and Euhart Thompson executed a note in the sum of $445,200, which was secured by a mortgage on real property located on Fenimore Street, in Brooklyn. On October 20, 2011, the plaintiff commenced an action to foreclose the mortgage. The plaintiff filed a notice of pendency with respect to the subject property on the same date. On February 3, 2014, Fenimore St. Realty, Inc. (hereinafter Fenimore), purchased the subject property from George and Thompson. The plaintiff re-filed the notice of pendency on September 29, 2014. On February 20, 2015, the Supreme Court granted the plaintiff's motion for an order of reference upon the default of the defendants, and appointed a referee to compute the amount due to the plaintiff. The referee executed her report on January 6, 2016, finding, inter alia, that the plaintiff was due the total sum on the note and mortgage of $620,157.75, as of July 31, 2015, including, inter alia, principal and accrued interest.
In March 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Fenimore cross-moved to be added to the action as a party defendant as the successor in interest to George and Thompson, and for permission to oppose the plaintiff's motion. Fenimore asked the Supreme Court, in effect, to reject the referee's report due to the plaintiff's failure to timely serve the order of reference and the referee's failure to provide notice of a hearing before preparing her report. Fenimore also asked the court to toll and cancel the accrued interest. In an order dated March 28, 2017, the court, inter alia, granted those branches of Fenimore's cross [*2]motion which were to be added to the action as a party defendant and for permission to oppose the plaintiff's motion, but denied those branches of Fenimore's cross motion which were, in effect, to reject the referee's report and to toll and cancel the accrued interest. In an order and judgment of foreclosure and sale, also dated March 28, 2017, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Fenimore appeals.
We agree with the Supreme Court's determination denying that branch of Fenimore's cross motion which was, in effect, to reject the referee's report. It is undisputed that, as Fenimore asserts, the plaintiff did not timely serve the order of reference, and the referee failed to provide notice of, or hold a hearing on, the issues addressed in the referee's report. Nonetheless, Fenimore, which purchased the subject property after the plaintiff filed a notice of pendency with respect to the property, is bound by all proceedings taken in the action after the filing of the notice of pendency to the same extent as a party (see CPLR 6501; Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1114; Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479). Moreover, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702). "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of N.Y. Mellon v Viola, 181 AD3d at 770; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d at 1236; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d at 702).
Furthermore, we agree with the Supreme Court's determination to deny that branch of Fenimore's cross motion which was, in effect, to toll and cancel accrued interest. A foreclosure action is equitable in nature and triggers the equitable powers of the court (see Notey v Darien Constr. Corp., 41 NY2d 1055; Rajic v Faust, 165 AD3d 716, 717; U.S. Bank N.A. v Losner, 145 AD3d 935, 937). "Once equity is invoked, the court's power is as broad as equity and justice require" (U.S. Bank N.A. v Losner, 145 AD3d at 938 [internal quotation marks omitted]). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see Breskin v Moronto, 172 AD3d 1298, 1300; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 934), such as where the plaintiff's conduct has prejudiced the defendant (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 863). Here, Fenimore failed to show that the plaintiff engaged in any wrongdoing. Nor did Fenimore show that the plaintiff engaged in any lengthy unexplained delay in prosecution that would warrant the limitation of interest (cf. Danielowich v PBL Dev., 292 AD2d 414, 415).
Fenimore's remaining contention is without merit.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court