U.S. Bank Trust, N.A. v Bank of Am., N.A. (2022 NY Slip Op 00213)





U.S. Bank Trust, N.A. v Bank of Am., N.A.


2022 NY Slip Op 00213


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-01169 
2018-01170
 (Index No. 500021/15)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Bank of America, N.A., et al., defendants, 778 Logan, LLC, appellant.


Biolsi Law Group, P.C., New York, NY (Aveet Basnyat and Steven Alexander Biolsi of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Alex Cameron and Austin Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 778 Logan, LLC, appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 1, 2017 and (2) an order and judgment of foreclosure and sale of the same court (one paper), also dated November 1, 2017. The order, insofar as appealed from, granted the plaintiff's motion, in effect, to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendant 778 Logan, LLC.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In April 2008, Aryeh Taub executed a note in the sum of $405,000, which was secured by a mortgage on certain real property located in Brooklyn. By deed dated August 30, 2012, Taub conveyed the property to 778 Logan, LLC (hereinafter the defendant). On January 2, 2015, JPMorgan Chase Bank, National Association (hereinafter Chase), commenced this action to foreclose the mortgage, alleging that Taub had defaulted on his obligations under the note and [*2]mortgage by failing to make the monthly payment due on July 1, 2008, and that no subsequent payments had been made. The defendant interposed an answer, in which it asserted various affirmative defenses. Thereafter, the mortgage was assigned to U.S. Bank Trust, N.A. (hereinafter U.S. Bank Trust).
In September 2016, Chase moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer and affirmative defenses, for an order of reference, and to amend the caption to substitute U.S. Bank Trust as the plaintiff. The defendant opposed the motion. In an order dated January 3, 2017, the Supreme Court granted the motion. In a second order, also dated January 3, 2017, the court, among other things, appointed a referee to compute the amount due on the mortgage loan, and amended the caption to substitute U.S. Bank Trust as the plaintiff.
In April 2017, U.S. Bank Trust moved, in effect, to confirm the referee's report and for a judgment of foreclosure and sale. In support of its motion, U.S. Bank Trust submitted the referee's report. Attached to the report were, among other things, an Affidavit of Merit and Amounts Due from Kolette Modlin, an "Authorized Signatory" of Caliber Home Loans, Inc. (hereinafter Caliber), U.S. Bank Trust's loan servicer and attorney-in-fact, and a limited power of attorney dated August 5, 2014, appointing Caliber as attorney-in-fact for U.S. Bank Trust with respect to the servicing of mortgage loans held by U.S. Bank Trust. The defendant opposed the motion. In an order dated November 1, 2017, the Supreme Court, inter alia, granted the plaintiff's motion. Also on November 1, 2017, the court issued an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendant appeals.
Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." In this case, the order of reference contained language indicating that notice to the defendant of a referee's computation hearing was not required (cf. Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1763), and that the defendant was only entitled to receive a copy of the referee's report of amount due. The defendant did not oppose the inclusion of that language when it opposed Chase's motion, inter alia, for an order of reference.
In any event, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). Here, the
defendant was not prejudiced by the referee's failure to hold a hearing since, in opposing that branch of U.S. Bank Trust's motion which was, in effect, to confirm the referee's report, the defendant had the opportunity to raise questions and submit evidence directly to the Supreme Court (see id. at 760).
The defendant correctly contends, however, that the referee's calculation was not substantially supported by the record. Modlin's affidavit, which was submitted to the referee for the purpose of establishing the amount due on the mortgage loan, appeared to lay a proper foundation for the admission of the business records on which she relied, including the payment history for the loan, in making her calculations. Modlin averred that she was an authorized signatory of Caliber, U.S. Bank's loan servicer and attorney-in-fact, that she had reviewed Caliber's electronic records regarding the defendant's account, and that she had "knowledge of how those electronic records [were] kept and maintained" (cf. IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 727). Modlin further averred that the business records of any prior servicer had been "uploaded and boarded into [Caliber's] computer records" and were "maintained in connection with the servicing of [the subject] loan" (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; cf. Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782). In addition, U.S. Bank Trust demonstrated Caliber's authority to act on its behalf by submitting the limited power of attorney.
Nevertheless, computations based on the review of unproduced business records amount to inadmissible hearsay and lack probative value (see Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561; U.S. Bank, N.A. v Calabro, 175 AD3d 1451, 1452; Bank of New York Mellon v Gordon, 171 AD3d 197, 208-209). Here, U.S. Bank Trust did not submit to the referee copies of the business records upon which Modlin purportedly relied in computing the amount due on the mortgage loan. Consequently, the [*3]referee's findings in that respect were not substantially supported by the record (see Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689).
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale, modify the order accordingly, and remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court