Bank of Am., N.A. v Lino (2022 NY Slip Op 01983)





Bank of Am., N.A. v Lino


2022 NY Slip Op 01983


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.


2019-12610
 (Index No. 709462/15)

[*1]Bank of America, N.A., respondent,
v
Harry Lino, etc., appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Harry Lino appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Maureen A. Healy, J.), entered September 10, 2019. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In April 2009, the defendant Harry Lino (hereinafter the defendant) executed a note secured by a mortgage on certain real property located in Queens. In September 2015, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. In an order dated September 14, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference, and, among other things, appointed a referee to compute the amount due on the mortgage loan. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale, which the defendant opposed. In an order and judgment of foreclosure and sale entered September 10, 2019, the court, inter alia, granted the plaintiff's motion, and directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." However, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771-772). Here, the defendant was not prejudiced by the referee's failure to hold a hearing since, in opposing that branch of the plaintiff's motion which was to confirm the referee's report, the defendant had the opportunity to appear before and submit evidence directly to the Supreme Court (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 772; Bank of N.Y. Mellon v George, 186 AD3d 661, 663; Bank of N.Y. Mellon v Viola, 181 AD3d at 770).
The defendant's remaining contentions, raised for the first time on appeal, are not properly before this Court.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court