Bank of N.Y. Mellon v Singh (2022 NY Slip Op 03221)





Bank of N.Y. Mellon v Singh


2022 NY Slip Op 03221


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2018-13448
 (Index No. 15134/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Gurdip Singh, appellant, et al., defendants.


Charles Wallshein, Melville, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gurdip Singh appeals from an order and judgment of foreclosure and sale of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 29, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered December 28, 2017, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denying that defendant's cross motion to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order entered December 28, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
On October 15, 2014, the plaintiff commenced this action against the defendant Gurdip Singh (hereinafter the defendant), among others, to foreclose a mortgage on residential property. In its complaint, the plaintiff alleged that it complied with RPAPL 1304, and, in his answer, the defendant, in effect, denied that allegation. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, arguing, inter alia, that it complied with RPAPL 1304. The defendant opposed the plaintiff's motion, but did not contest the plaintiff's argument that it had complied with RPAPL 1304. In an order entered August 18, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304. In an order entered December 28, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court entered a judgment of foreclosure and sale on June 29, 2018. The defendant appeals.
"'The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding'" (Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d 960, 962, quoting Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722). It is a "judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided, and is not a limit to their power. As such, law of the case is necessarily amorphous in that it directs a court's discretion, but does not restrict its authority" (Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d at 962 [alterations and internal quotations marks omitted]).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in determining that the doctrine of law of the case precluded its reconsideration of whether the plaintiff complied with RPAPL 1304 (see Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). The court previously determined that issue in the plaintiff's favor upon granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, a determination not being challenged on appeal.
"'[A]s long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed'" (U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771-772, quoting Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). Here, contrary to his contention, the defendant was not prejudiced by the referee's failure to hold a hearing since, in opposing the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, the defendant had the opportunity to raise questions and submit evidence directly to the Supreme Court (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 722; Bank of N.Y. Mellon v Viola, 181 AD3d at 770).
However, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale because the plaintiff failed to present evidence that the interest on the loan was calculated using the method set forth in the note, and the referee's computations, including the amount due and owing and payments for taxes, insurance, and other advances, were premised upon unproduced business records (see JPMorgan Chase Bank v Bracco, 200 AD3d 765; HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 683; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court