Bank of Am., N.A. v Scher (2022 NY Slip Op 03366)





Bank of Am., N.A. v Scher


2022 NY Slip Op 03366


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-07141
 (Index No. 504008/13)

[*1]Bank of America, N.A., respondent,
v
Zelda Scher, appellant, et al., defendants.


Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Jason R. Lipkin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Zelda Scher appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated April 3, 2019. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2013, the plaintiff commenced this action against the defendant Zelda Scher (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. Following the defendant's failure to answer or appear in the action, the plaintiff moved, inter alia, for an order of reference. In an order dated April 12, 2016, the Supreme Court granted the plaintiff's unopposed motion and appointed a referee to compute the amount due to the plaintiff (hereinafter the order of reference). The order of reference provided "that a copy of this Order with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice within twenty (20) days of entry and no less than thirty (30) days prior to any hearing before the Referee." The order of reference also provided that the "Referee shall not proceed to take evidence as provided herein without proof of such service, which proof must accompany any application for Final Judgment of Foreclosure and Sale." On December 28, 2016, the referee executed a referee's oath and a report reporting that the amount due to the plaintiff was the sum of $638,325.49, with interest through November 14, 2016. On March 6, 2017, the plaintiff served a copy of the order of reference with notice of entry upon, among others, the defendant.
On October 19, 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, contending that the plaintiff failed to comply with the dates set forth in the order of reference, but the defendant did not dispute her default on the mortgage, her default in appearing in this action, or the amount due computed by the referee. In an order and judgment of foreclosure and sale dated April 3, 2019, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and [*2]sale, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
It is undisputed that the referee failed to provide notice to the defendant pursuant to CPLR 4313 or to hold a hearing on the issues addressed in the referee's report. However, as long as a defendant is not prejudiced by the inability to submit evidence directly to a referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702). Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing (see Bank of N.Y. Mellon v Viola, 181 AD3d at 770; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d at 1236; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d at 702). Further, under the circumstances of this case, the referee's failure to file his report within 60 days after the date of the order of reference was a mere irregularity that the court properly disregarded (see CPLR 2001, 2004; TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1034; cf. Countrywide Home Loans, Inc. v Hershkop, 188 AD3d 1148, 1149).
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court