Emigrant Bank v Carrera (2022 NY Slip Op 04951)

Emigrant Bank v Carrera

2022 NY Slip Op 04951

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-12253
 (Index No. 2813/14)

[*1]Emigrant Bank, etc., respondent, 
v
Bertha Carrera, et al., appellants, et al., defendants.

The Law Firm of Ravi Batra, P.C., New York, NY (Todd B. Sherman of counsel), for appellants.
Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent, Robert W. Frommer, and Jason Sackoor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bertha Carrera, Miguel Rojas, Bertha Rojas, and Woodhill Funding, LLC, appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated July 5, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to confirm a referee's report, upon denying that branch of the plaintiff's motion which was for an award of attorneys' fees, did so with leave to renew, and denied the cross motion of the defendants Bertha Carrera, Miguel Rojas, Bertha Rojas, and Woodhill Funding, LLC, to reject the referee's report and to vacate a compliance conference order of the same court (Marin Schneier, J.H.O.) dated September 6, 2018.
ORDERED that the order dated July 5, 2019, is affirmed insofar as appealed from, with costs.
The background facts and procedural history of this case are more fully set forth in our decision and order on a related appeal (see Emigrant Bank v Carrera, ___ AD3d ___ [Appellate Division Docket No. 2019-00323; decided herewith]). In an order dated November 22, 2017, the Supreme Court, inter alia, appointed a referee to compute the amount due to the plaintiff. The order directed that the referee's report be made no later than 60 days after the date of the order. In March 2018, more than 60 days after the date of the order, the referee issued a report computing the amount due to be $1,227,893.98 as of January 31, 2018.
Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for an award of attorneys' fees in the sum of $63,723.80. The defendants Bertha Carrera, Miguel Rojas, Bertha Rojas, and Woodhill Funding, LLC (hereinafter collectively the defendants), cross-moved to reject the referee's report and to vacate a compliance conference order dated September 6, 2018. In an order dated July 5, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to confirm the referee's report, denied that branch of the plaintiff's motion which was for an award of attorneys' fees with leave to renew upon proper papers, and denied the defendants' cross motion. The defendants appeal.
Contrary to the defendants' contentions, the Supreme Court properly granted that [*2]branch of the plaintiff's motion which was to confirm the referee's report and denied that branch of the defendants' cross motion which was to reject the referee's report. The referee's delay in issuing the report was attributable, at least in part, to additional litigation, to wit, the plaintiff was required to oppose the defendants' motion for leave to reargue and renew their opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against them and their prior cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them (see id.). Under the circumstances, the delay was a mere irregularity (see TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1034). The referee's report was supported by business records, which were produced. The defendants' conclusory objections, without evidence to support them, were insufficient to warrant a hearing (see NYCTL 1998-2 Trust v Bethelite Community Baptist Church, 192 AD3d 429, 430; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770).
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court