Deutsche Bank Natl. Trust Co. v Smith (2022 NY Slip Op 07057)

Deutsche Bank Natl. Trust Co. v Smith

2022 NY Slip Op 07057

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-01319
2019-01320
 (Index No. 8095/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Vickie Smith, et al., appellants, et al., defendants.

Stephen C. Silverberg, PLLC, Uniondale, NY (Stephen C. Silverberg of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Vickie Smith and Scott Cowan appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated August 30, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 8, 2017. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss stated portions of the appeals on the ground that the review of certain issues is precluded by the dismissal of a prior appeal for failure to timely perfect. By decision and order on motion of this Court dated December 16, 2019, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss stated portions of the appeals on the ground that the review of certain issues is precluded by the dismissal of a prior appeal for failure to timely perfect is granted to the extent that so much of the appeal from the order and judgment of foreclosure and sale as seeks review of those issues which could have been raised on the appeal by the defendants Vickie Smith and Scott Cowan from an order entered January 28, 2016, which appeal was dismissed for failure to timely perfect, is dismissed, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the appeal from the order dated August 30, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated August 30, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On August 28, 2006, the defendants Vickie Smith and Scott Cowan (hereinafter together the defendants) executed a note in the sum of $400,000 in favor of New Century Mortgage Corporation. The note was secured by a mortgage on residential property located in Freeport. By assignment of mortgage dated July 11, 2011, the mortgage was assigned to the plaintiff. On June 26, 2012, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted, inter alia, an affirmative defense alleging lack of standing.
In February 2015, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion. In an order entered January 28, 2016, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appealed from that order, but the appeal was subsequently dismissed for failure to timely perfect.
In February 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. In an order dated August 30, 2017, the Supreme Court granted the plaintiff's motion. On September 8, 2017, the court entered an order and judgment of foreclosure and sale. The defendants appeal.
The defendants' contention that the plaintiff's brief should be disregarded for failure to comply with CPLR 5528(b) is without merit (see Lief v Hill, 151 AD3d 1047, 1047).
Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." However, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771-772).
Contrary to the defendants' contention, they were not prejudiced by the referee's failure to provide notice of a hearing within 20 days of the date of the order entered January 28, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, since the referee later held a hearing on notice to the defendants. Moreover, in opposing the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, the defendants had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be used by the court in determining whether to confirm the referee's report (see Bank of Am., N.A. v Lino, 203 AD3d 1004; Bank of N.Y. Mellon v Viola, 181 AD3d at 770).
The defendants' contention that the referee's findings were not supported by admissible evidence is not properly before this Court, as it is raised on appeal for the first time in their reply brief (see Jones v New York City Tr. Auth., 178 AD3d 826, 829).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court