Wells Fargo Bank, N.A. v Licurse (2022 NY Slip Op 07258)

Wells Fargo Bank, N.A. v Licurse

2022 NY Slip Op 07258

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-13562
2019-13563
 (Index No. 53237/17)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Christopher Licurse, appellant, et al., defendants.

Wallace & Wallace, LLP, Poughkeepsie, NY (James P. Horan of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Christopher Licurse appeals from (1) an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated September 26, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated September 26, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon two orders of the same court dated November 27, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christopher Licurse and for an order of reference, and upon the order dated September 26, 2019, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated September 26, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPL 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In this action to foreclose a mortgage, the defendant Christopher Licurse (hereinafter the defendant) previously appealed from two orders, both dated November 27, 2018, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant filed notices of appeals from those orders. However, the appeals were deemed dismissed for failure to perfect (see 22 NYCRR 1250.10[a]).
Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a [*2]judgment of foreclosure and sale. The defendant opposed the motion. In an order dated September 26, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. On the same date, the court issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the premises. The defendant appeals.
Contrary to the defendant's contention, reversal is not required on the ground that the referee failed to hold a hearing before issuing his report. CPLR 4313 provides, in relevant part, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." However, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of New York Mellon v Viola, 181 AD3d 767, 770; see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771-772). Here, the defendant was not prejudiced by the referee's failure to hold a hearing since, in opposing that branch of the plaintiff's motion which was to confirm the referee's report, the defendant had the opportunity to raise questions and submit evidence directly to the Supreme Court (see Bank of New York Mellon v George, 186 AD3d 661, 663; Bank of New York Mellon v Viola, 181 AD3d at 770).
The defendant also seeks to raise issues decided in the November 27, 2018 orders on the present appeal. In particular, the defendant seeks to raise the issues of whether the plaintiff had standing to commence the action and whether the action was barred by the statute of limitations. As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891, 891-892). We decline to exercise our discretion in this case.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court