U.S. Bank N.A. v Mays (2023 NY Slip Op 06073)

U.S. Bank N.A. v Mays

2023 NY Slip Op 06073

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00746
 (Index No. 703896/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Robin Mays, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Blank Rome LLP, New York, NY (Alina Levi and Diana M. Eng of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robin Mays appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Salvatore Modica, J.), entered December 13, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered August 7, 2019, inter alia, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, the order entered August 7, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
On April 8, 2015, the plaintiff commenced this action against, among others, the defendant Robin Mays (hereinafter the defendant) to foreclose a mortgage securing certain real property, alleging that the defendant had defaulted on his obligations under a note and mortgage agreement. The defendant interposed an answer in which he asserted various affirmative defenses and counterclaims.
In January 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and the Supreme Court granted the motion. In an order entered September 22, 2017, the court, among other things, appointed a referee to compute the amount due under the mortgage agreement.
In August 2018, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In support of its motion, the plaintiff submitted the referee's report and an affidavit of indebtedness. The defendant, among other things, opposed. Thereafter, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, and, on December 13, 2019, entered an order and judgment of foreclosure and sale which, among other things, directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the referee's failure to hold a hearing did not require the denial of those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." However, "'as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed'" (U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771-772, quoting Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). Here, the order of reference contained no language indicating that a hearing was unnecessary (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1763). Notwithstanding, the defendant was not prejudiced by the referee's failure to hold a hearing since, in opposing the plaintiff's motion, he "had the opportunity to raise questions and submit evidence directly to the Supreme Court" (U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 772 [citation omitted]).
Nevertheless, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, as the referee's computation of the amount due to the plaintiff was not substantially supported by the record. "[C]omputations based on the review of unproduced business records amount to inadmissible hearsay and lack probative value" (U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 772; see Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621). Here, the referee's findings with respect to the amount due were based on unproduced business records. Consequently, the referee's calculation of the amount due to the plaintiff was not substantially supported by the record (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d at 772; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court