Deutsche Bank Natl. Trust Co. v Bonilla (2024 NY Slip Op 04242)

Deutsche Bank Natl. Trust Co. v Bonilla

2024 NY Slip Op 04242

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-00309
 (Index No. 10186/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Joaquin Bonilla, appellant, et al., defendants.

Joaquin Bonilla, Queens Village, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Joaquin Bonilla appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 16, 2015. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him.

DECISION & ORDER
Motion by the plaintiff to dismiss the appeal on the ground that the dismissal of prior appeals for failure to timely perfect precludes consideration of the issues to be raised on the appeal pursuant to Bray v Cox (38 NY2d 350) and to dismiss portions of the appeal on the ground that those portions have been rendered academic. By decision and order on motion of this Court dated October 30, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that the dismissal of a prior appeal from an order dated June 25, 2018, for failure to timely perfect precludes consideration of the issues raised on the appeal pursuant to Bray v Cox (38 NY2d 350) is granted, and the motion is otherwise denied; and it is further,
ORDERED that the appeal is dismissed, with costs.
The issues raised by the defendant Joaquin Bonilla could have been raised on his prior appeal from an order dated June 25, 2018, which appeal was dismissed for failure to timely perfect (see 22 NYCRR 1250.10[a]). "As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (Bayview Loan Servicing, LLC v Williams, 149 AD3d 891, 892; see Bray v Cox, 38 NY2d 350, 353). Here, we decline to exercise our discretion to review Bonilla's contentions (see Wells Fargo Bank, N.A. [*2]v Licurse, 211 AD3d 989, 991).
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court