Loandepot.com, LLC v Solomon

2026 NY Slip Op 02974

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Loandepot.com, LLC, plaintiff,

v

Nickolas Cyril Solomon, etc., et al., defendants, Haiyan Liu, appellant; 101 Shark Holding Corp., nonparty-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-02530, (Index No. 714793/18)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Balisok & Kaufman, PLLC, Brooklyn, NY (Joseph Y. Balisok of counsel), for appellant.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Haiyan Liu appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered December 8, 2023. The order, insofar as appealed from, granted the cross-motion of nonparty 101 Shark Holding Corp. to direct the referee to release a bid deposit paid by the defendant Haiyan Liu, and, in effect, denied the request of the defendant Haiyan Liu for the return of her bid deposit.

ORDERED that the appeal from so much of the order as, in effect, denied the request of the defendant Haiyan Liu for the return of her bid deposit is dismissed, without costs or disbursements (see CPLR 5701[a][2]); and it is further,

ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.

In September 2018, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Queens (hereinafter the property). Subsequently, the property was conveyed to nonparty 101 Shark Holding Corp. (hereinafter 101 Shark). A judgment of foreclosure and sale dated December 2, 2021, inter alia, directed the sale of the property. On February 25, 2022, a referee held a foreclosure sale of the property, and the defendant Haiyan Liu was the successful bidder. Liu tendered the sum of $65,000 as a deposit for the purchase of the property. However, Liu failed to close the transaction.

The plaintiff subsequently moved, among other things, to set aside the foreclosure sale and to retain Liu's bid deposit in escrow, and 101 Shark cross-moved, inter alia, to have the bid deposit deemed forfeited by Liu and applied to offset the outstanding amount due on the mortgage loan. Liu failed to oppose the plaintiff's motion or 101 Shark's cross-motion. By order dated February 17, 2023 (hereinafter the February 2023 order), issued upon Liu's default, the Supreme Court, among other things, granted those branches of the plaintiff's motion and 101 Shark's cross-motion, and, inter alia, directed that Liu's bid deposit be used to cover the expenses of a subsequent foreclosure auction "and that any funds remaining from the deposit shall be applied to the loan payoff amount." Thereafter, Liu moved, among other things, for the return of her bid deposit. By order dated September 19, 2023, the court, inter alia, denied that branch of Liu's motion on the ground that she had failed to move to vacate her default with respect to the February 2023 order.

Meanwhile, the plaintiff moved, among other things, to vacate the judgment of foreclosure and sale and discontinue the action on the ground that 101 Shark had paid off the mortgage loan, and 101 Shark cross-moved to direct the referee to release the bid deposit in accordance with the February 2023 order. In opposition, Liu requested the return of her bid deposit. In an order entered December 8, 2023, the Supreme Court, inter alia, granted 101 Shark's cross-motion, and, in effect, denied Liu's request for the return of her bid deposit. Liu appeals.

The appeal from so much of the order as, in effect, denied Liu's request for the return of her bid deposit must be dismissed. No appeal lies as of right from an order denying a motion not made on notice (see CPLR 5701[a][2]), and, under the circumstances of this case, we decline to grant leave to appeal.

The Supreme Court properly granted 101 Shark's cross-motion to direct the referee to release the bid deposit in accordance with the February 2023 order (see generally Bank of N.Y. Mellon v Singh, 205 AD3d 866, 867; Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152-153). Liu's remaining contentions, including that her bid deposit may not be applied toward the loan payoff amount tendered by 101 Shark because a bid deposit may only be used to cover a deficiency upon resale and the costs and expenses of such resale, neither of which is present in this action, that applying the bid deposit to the loan payoff amount constitutes an unenforceable penalty, and that 101 Shark lacks standing to enforce her default in failing to close her bid at the foreclosure auction, constitute an improper collateral attack on the February 2023 order, and, thus, are not properly before this Court.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court