GMAC Mtge., LLC v Yun (2022 NY Slip Op 03887)

GMAC Mtge., LLC v Yun

2022 NY Slip Op 03887

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-04231
 (Index No. 5529/08)

[*1]GMAC Mortgage, LLC, respondent, 
v
Jenny Yun, etc., appellant, et al., defendants. 

Jenny Yun, Hicksville, NY, appellant pro se.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jenny Yun appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 20, 2019. The order denied that defendant's motion, in effect, to toll the accrual of interest between March 29, 2009, and September 21, 2016, and to stay the foreclosure sale of the subject property.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Jenny Yun which was, in effect, to toll the accrual of interest between March 29, 2009, and September 21, 2016, and substituting therefor a provision granting that branch of the motion to the extent of tolling the accrual of interest between October 9, 2009, and September 21, 2016; as so modified, the order is affirmed, with costs to the defendant Jenny Yun.
In March 2008, the plaintiff commenced this action to foreclose a consolidated mortgage against, among others, the defendant Jenny Yun (hereinafter the defendant). After the defendant failed to appear or answer the complaint, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for an order of reference in an order entered October 9, 2009 (hereinafter the order of reference). In an order and judgment of foreclosure and sale entered December 17, 2016, the court, among other things, granted the plaintiff's motion for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendant thereafter moved, in effect, to toll the accrual of interest between March 29, 2009, and September 21, 2016, and to stay the foreclosure sale of the property. In an order entered February 20, 2019, the court denied the motion, and the defendant appeals.
"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Bank of N.Y. Mellon v George, 186 AD3d 661, 663). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party,' such as where the plaintiff's conduct has prejudiced the defendant" (id. at 663-664 [citations omitted], quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, [*2]1623).
Here, approximately seven years elapsed between the entry of the order of reference and the time the plaintiff moved for a judgment of foreclosure and sale. Contrary to the plaintiff's contention, it failed to offer any explanation for this delay or establish that the defendant caused this delay, as the record demonstrates that the defendant's motions and the stays due to the defendant's bankruptcy petitions did not occur during the period for which the defendant sought to toll the accrual of interest. Since the defendant was prejudiced by the plaintiff's unexplained delay of approximately seven years, during which time interest had been accruing, the interest on the loan should have been tolled from October 9, 2009, the date of entry of the order of reference, until September 21, 2016, when the plaintiff moved for a judgment of foreclosure and sale (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 863; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935; Danielowich v PBL Dev., 292 AD2d 414, 415).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court