■ ARLENE J. FLOTTERON et al., Appellants, v MEYER STEINBERG et al., Respondents. — In an action for a partnership accounting, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated December 20, 1983, as denied that branch of their motion which was to reject the referee's interim report dated September 8, 1983, and which, upon the appointment of a successor referee, instructed said successor referee to proceed in a manner consistent with the findings and conclusions of the removed referee.

Order affirmed insofar as appealed from, with costs.

Plaintiffs argue that the first referee's interim report should have been rejected by Special Term because the referee never took the oath required by CPLR 4315 before commencing his duties. This contention is without merit. The referee was appointed by an order dated November 2, 1981, and he conducted a conference at which the attorneys for the respective parties were present in February, 1982. An accounting was subsequently prepared, and in November, 1982, a second hearing was conducted at which the parties were again represented by counsel. Subsequent to this a dispute arose regarding the scope of the referee's authority, and this dispute was ultimately resolved by Special Term. The referee's interim report was issued in September, 1983, and only in October, 1983 did plaintiffs, apparently unhappy with the contents of the report, seek to nullify the report based upon the referee's lack of authority because of his failure to take the CPLR 4315 oath. The statute provides, however, that the "oath may be waived upon consent of all parties". The conduct of the parties during the lengthy term of the referee's service indicates that they impliedly waived the oath requirement.

We further conclude that the findings of fact and conclusions of law made by the removed referee were proper and within the scope of his authority as defined by Special Term. Thus, Special Term's refusal to reject the referee's interim report was proper.

We have considered the other contentions raised and find them to be without merit. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.