Bank of N.Y. Mellon Trust Co., N.A. v Ahmed (2022 NY Slip Op 02777)

Bank of N.Y. Mellon Trust Co., N.A. v Ahmed

2022 NY Slip Op 02777

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-12801
 (Index No. 7274/13)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Ripa Ahmed, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Phionah N. Brown and Kenneth Flickinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ripa Ahmed appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered August 19, 2019. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property in Queens against, among others, the defendant Ripa Ahmed. A default judgment against all defendants and an order of reference was issued in August 2016. After a hearing, at which Ahmed was present by counsel, the referee computed the amount due to the plaintiff and issued a report accordingly. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered August 19, 2019, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. Ahmed appeals.
Contrary to Ahmed's contentions, the hearing was properly conducted in accordance with CPLR 4318 and 4320 "in the same manner as a court trying an issue without a jury." The plaintiff was not required to provide the original note at the hearing (see Schozer v William Penn Life Insurance Co. of New York, 84 NY2d 639, 643-646; Mutlu v Mutlu, 177 AD3d 979, 980), since the validity of the note and mortgage was established previously when the plaintiff was granted a default judgment and order of reference (see generally Rokina Opitcal Co., Inc. v Camera King, Inc., 63 NY2d 728, 730 [a defendant in default "admits all traversable allegations in the complaint, including the basic allegation of liability"]).
Contrary to Ahmed's contentions, the plaintiff successfully laid a foundation for the admission into evidence of business records evidencing certain amounts due (see CPLR 4518[a]; Selene Finance, L.P. v Coleman, 187 AD3d 1082; Bank of New York Mellon v Gordon, 171 AD3d [*2]197, 205). Furthermore, the power-of-attorney document submitted at the hearing showed that the loan servicer had the authority to act on behalf of the plaintiff at the time the testimony of a representative for the loan servicer was given (see Bank of New York Mellon v Hoshmand, 158 AD3d 600, 601).
While Ahmed correctly contends that the referee's report inaccurately reflects that the total amount due as of July 18, 2018, includes "[i]nterest calculated through July 19, 2019," Ahmed has failed to demonstrate that the total amount actually includes interest beyond July 18, 2018, and that the mistake was not merely a scrivener's error, as the record suggests (cf. CPLR 2001).
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court