Wells Fargo Bank, N.A. v Emanuel (2022 NY Slip Op 05056)

Wells Fargo Bank, N.A. v Emanuel

2022 NY Slip Op 05056

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-10318
 (Index No. 504962/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Vanessa Emanuel, et al., defendants, Brooklyn Realty Plus Group Corp., appellant.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brooklyn Realty Plus Group Corp. appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated July 11, 2019. The judgment of foreclosure and sale, upon an order of the same court dated November 1, 2018, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property in Brooklyn against, among others, the defendant Brooklyn Realty Plus Group Corp. (hereinafter Brooklyn Realty). Subsequently, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Brooklyn Realty and appointed a referee to compute the amount due to the plaintiff. After a hearing, at which Brooklyn Realty appeared by counsel, the referee computed the amount due to the plaintiff and issued a report accordingly. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated November 1, 2018, the court granted the plaintiff's motion. The court issued a judgment of foreclosure and sale dated July 11, 2019, confirming the referee's report and directing the sale of the property. Brooklyn Realty appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019-1020 [internal quotation marks omitted]). Contrary to Brooklyn Realty's contentions, the referee's findings with regard to the amount due were supported by admissible evidence in the record (see Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d 972, 973; 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d at 1019-1020).
Brooklyn Realty's contention regarding the date of the referee's oath is without merit (see CPLR 4315; 21st Mtge. Corp. v Rudman, 201 AD3d 618, 625; Flotteron v Steinberg, 106 AD2d 427).
Brooklyn Realty's remaining contention is improperly raised for the first time on appeal.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court