U.S. Bank, N.A. v Gendelman (2023 NY Slip Op 01545)

U.S. Bank, N.A. v Gendelman

2023 NY Slip Op 01545

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-02333
 (Index No. 22093/08)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Tanya Gendelman, appellant, et al., defendants.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tanya Gendelman appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (David B. Vaughan, J.), dated October 15, 2019. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against the defendant Tanya Gendelman (hereinafter the defendant), among others, to foreclose a mortgage on certain property in Brooklyn. After the defendant joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. By order dated July 25, 2018, the Supreme Court, among other things, granted the plaintiff's motion, struck the defendant's answer and counterclaims, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order and judgment of foreclosure and sale dated October 15, 2019, the Supreme Court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). Contrary to the defendant's contentions, the referee's findings with regard to the amount due were supported by admissible evidence in the record (see Wells Fargo Bank, N.A. v Emanuel, 208 AD3d 825, 826; Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d 972, 973).
The defendant's contention that the Supreme Court should have rejected the referee's report as defective because it was issued more than 60 days after entry of the order of reference is [*2]without merit. The court providently exercised its discretion in disregarding the delay in issuing a report as a mere irregularity (see Emigrant Bank v Carrera, 208 AD3d 639, 640; TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1034). Furthermore, the defendant failed to establish that the plaintiff's actions in the litigation warranted the imposition of sanctions against it in the form of limiting the interest awarded to it or otherwise (see CPLR 5001[a]; Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915), or that any delays in the litigation were solely attributable to wrongdoing by the plaintiff (see Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 868, 869-870).
The defendant's remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court