U.S. Bank N.A. v 292 DeKalb Assoc., LLC (2023 NY Slip Op 03255)

U.S. Bank N.A. v 292 DeKalb Assoc., LLC

2023 NY Slip Op 03255

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-09412
 (Index No. 511300/14)

[*1]U.S. Bank National Association, etc., respondent,
v
292 DeKalb Associates, LLC, appellant, et al., defendants.

Alexander T. Singer (The Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, of counsel), for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 292 DeKalb Associates, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 4, 2020. The order, insofar as appealed from, granted the plaintiff's motion to confirm an amended referee's report and for a judgment of foreclosure and sale, and denied the cross-motion of the defendant 292 DeKalb Associates, LLC, to reject the amended referee's report.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn against, among others, the defendant 292 DeKalb Associates, LLC (hereinafter the defendant). Subsequently, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and appointed a referee to compute the amount due to the plaintiff. After a hearing, at which the defendant appeared by counsel, the referee computed the amount due to the plaintiff and issued an amended referee's report. The plaintiff moved to confirm the amended referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to reject the amended referee's report. In an order dated March 4, 2020, the court, inter alia, granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
"'The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility'" (Wells Fargo Bank, N.A. v Emanuel, 208 AD3d 825, 826, quoting 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019-1020). Contrary to the defendant's contention, the referee's findings were supported by admissible evidence in the record, which included the hearing transcript wherein the defendant stipulated to the principal balance due to the plaintiff (see Wells Fargo Bank, N.A. v Emanuel, 208 AD3d at 826; Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d 972, 973; 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d at 1019-1020).
The defendant's contention that the Supreme Court should have denied the plaintiff's motion because the plaintiff failed to produce the original note at the computational hearing is without merit, since, inter alia, the court had previously decided the issue of standing in the prior order granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant (see HSBC Bank USA, N.A. v Blair-Walker, 202 AD3d 1065, 1068).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court