Wells Fargo Bank, N.A. v Abakporo (2023 NY Slip Op 06075)

Wells Fargo Bank, N.A. v Abakporo

2023 NY Slip Op 06075

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-07663
 (Index No. 16840/08)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Theophine Abakporo, appellant, et al., defendants.

Chidi Eze, Brooklyn, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Theophine Abakporo appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 7, 2021. The order denied that defendant's motion, inter alia, in effect, to modify so much of a judgment of foreclosure and sale of the same court (Peter P. Sweeney, J.) dated October 27, 2017, as awarded the plaintiff the sum of $1,526,944.08, inclusive of interest, by canceling any interest that accrued on the note at issue after the commencement of the action beyond three years, and to bar the plaintiff from recovering any postjudgment interest.
ORDERED that the order is affirmed, without costs or disbursements.
In June 2008, the plaintiff commenced this action against, among others, the defendant Theophine Abakporo (hereinafter the defendant) to foreclose a mortgage encumbering certain real property in Brooklyn. In August 2009, the Supreme Court granted the plaintiff's motion for an order of reference, upon the defendant's default in answering the complaint. Between August 2013 and March 2016, the parties engaged in settlement negotiations. Thereafter, the court issued a judgment of foreclosure and sale (hereinafter the judgment) in October 2017, inter alia, awarding the plaintiff the sum of $1,526,944.08, inclusive of interest. This Court affirmed the judgment in a decision and order dated August 12, 2020 (see Wells Fargo Bank, N.A. v Abakporo, 186 AD3d 652).
As is relevant to the appeal, thereafter, in September 2021, the defendant moved in the Supreme Court, inter alia, in effect, to modify so much of the judgment as awarded the plaintiff $1,526,944.08 by canceling any interest that accrued on the note at issue after the commencement of the action beyond three years, and to bar the plaintiff from recovering any postjudgment interest. The plaintiff opposed. In an order dated October 7, 2021, the court denied the defendant's motion.
"'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion, inter alia, in effect, to modify the judgment by canceling any interest that accrued on the note at issue after the commencement of the action beyond three years, and to bar the plaintiff from recovering any postjudgment interest. The record contains no evidence of bad faith or undue delay on the part of the plaintiff. Indeed, any delays in the prosecution of the action, which included, among other things, settlement negotiations, court imposed stays, adjournments, and COVID-19 and FEMA restrictions, were not solely due to the actions of the plaintiff or solely within the plaintiff's control (see Bank of N.Y. Mellon v George, 186 AD3d 661, 664; Bankers Trust Co. of Cal., N.A. v Brunson, 40 AD3d 672, 672).
The defendant's remaining contention is without merit.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court