Deutsche Bank Natl. Trust Co. v Fresh (2024 NY Slip Op 00453)

Deutsche Bank Natl. Trust Co. v Fresh

2024 NY Slip Op 00453

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 810088/10 Appeal No. 1584 Case No. 2023-03945 

[*1]Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-3, Mortgage-Backed Pass-Through Certificates Series 2007-3, Plaintiff-Respondent,
v
Doug E. Fresh, as Administrator of the Estate of Arlene Davis, Defendant-Appellant, Mortgage Electronic Registration Systems, Inc., et al., Defendants.

Charles Wallshein, Melville, for appellant.
LOGS Legal Group LLP, Rochester (Ellis M. Oster of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, J.), entered May 25, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to confirm the Referee's report awarding interest from May 4, 2015 to August 8, 2022 and at the rate of 7.625%, and denied the cross-motion of defendant Doug E. Fresh, as administrator, to reject the report to the extent it granted such interest, unanimously affirmed, without costs.
The motion court providently exercised it discretion in determining that plaintiff was responsible for certain delays in prosecution of this foreclosure action before May 4, 2015, but was not responsible for delays after that time so that tolling was not warranted (see U.S. Bank N.A. v Beymer, 190 AD3d 445, 446 [1st Dept 2021]; U.S. Bank, N.A. v Gendelman, 214 AD3d 928, 929-930 [2d Dept 2023]). The court properly took into consideration that, after the death of the original defendant and the appointment of Fresh as administrator of the estate in November 2014, Fresh did not move to have himself substituted as defendant (CPLR 1021) but instead opposed substitution.
Defendant's contentions that the Referee applied the wrong rate of interest under the note and relied on illegible documents are improperly raised for the first time on appeal and we decline to consider them (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]; Carey v Toy Indus. Assn. TM, Inc., 216 AD3d 404, 405 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2024