NY Drilling, Inc. v D 31st Mgt. Corp. (2024 NY Slip Op 00773)

NY Drilling, Inc. v D 31st Mgt. Corp.

2024 NY Slip Op 00773

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-06515
 (Index No. 2774/14)

[*1]NY Drilling, Inc., respondent, 
v
D 31st Management Corp., appellant, et al., defendants.

Hirschel Law Firm, P.C., Valley Stream, NY (Daniel Hirschel of counsel), for appellant.
Robert Giusti, Esq. & Associates, PLLC, Bayside, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages based on quantum meruit, the defendant D 31st Management Corp. appeals from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 3, 2021. The judgment, upon an order of the same court also entered May 3, 2021, granting the plaintiff's motion to confirm a referee's report and, in effect, denying that defendant's cross-motion, inter alia, to disaffirm and set aside the referee's report, is in favor of the plaintiff and against that defendant in the principal sum of $94,116. The notice of appeal from the order entered May 3, 2021, is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
In February 2014, the plaintiff commenced this action against the defendant D 31st Management Corp. (hereinafter the defendant), among others, seeking, inter alia, to recover damages under a theory of quantum meruit. Subsequently, the Supreme Court appointed a referee to hear and report on whether the defendant owed the plaintiff money for work the plaintiff had performed on a construction project at a property owned by the defendant. The referee issued a report of the amount due to the plaintiff, the plaintiff moved to confirm the referee's report, and the defendant cross-moved, among other things, to disaffirm and set aside the referee's report. In an order entered May 3, 2021, the court granted the plaintiff's motion and, in effect, denied the defendant's cross-motion. By judgment entered May 3, 2021, the plaintiff was awarded the principal sum of $94,116. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Wells Fargo Bank, N.A. v Emanuel, 208 AD3d 825, 826 [internal quotation marks omitted]). Contrary to the defendant's contention, here, the referee's findings are substantially supported by the record (see U.S. Bank N.A. v Moschetta, 216 AD3d 848, 849; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and, in effect, denied the defendant's cross-motion, inter alia, to disaffirm and set aside the referee's report.
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court