HSBC Mtge. Corp. USA v Jung Ae Lee (2024 NY Slip Op 03172)

HSBC Mtge. Corp. USA v Jung Ae Lee

2024 NY Slip Op 03172

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-08268
 (Index No. 719607/20)

[*1]HSBC Mortgage Corporation USA, respondent,
v
Jung Ae Lee, appellant, et al., defendants.

Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jung Ae Lee appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated August 24, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2007, the defendant Jung Ae Lee (hereinafter the defendant) executed a note in favor of the plaintiff, HSBC Mortgage Corporation USA (hereinafter HSBC), evidencing her obligation to repay a loan in the amount of $448,000. As security for the loan, the defendant simultaneously executed a mortgage agreement encumbering real property located in Douglaston. In July 2009, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and appointed a referee to compute the amount due to the plaintiff. The plaintiff subsequently moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated August 24, 2022, the court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Moschetta, 216 AD3d 848, 849 [internal quotation marks omitted]; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020 [internal quotation marks omitted]). Here, the referee's findings with regard to the amount due are substantially supported by the record, and therefore the Supreme Court properly granted that branch of the plaintiff's motion which was to confirm the referee's report (see U.S. Bank N.A. v Moschetta, 216 AD3d at 849; Wells Fargo Bank, N.A. v Emanuel, 208 AD3d 825, 826). Contrary to the defendant's contention, the affidavit of a representative for the loan servicer successfully laid a foundation for the admissibility of business records annexed to her affidavit evidencing certain amounts due (see CPLR 4518[a]; Wilmington Trust, N.A. v Reed, 210 AD3d 731, 732; Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d 972, 973). Furthermore, the power of attorney document submitted with the affidavit showed that the loan servicer had the authority to act on behalf of the plaintiff (see Bank of N.Y. Mellon Trust [*2]Co., N.A. v Ahmed, 204 AD3d at 973). The defendant's additional contention with respect to the sufficiency of the power of attorney is improperly raised for the first time on appeal.
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court