Bank of N.Y. Mellon v Fenimore St. Realty, Inc. (2025 NY Slip Op 02566)

Bank of N.Y. Mellon v Fenimore St. Realty, Inc.

2025 NY Slip Op 02566

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-11299
 (Index No. 23817/11)

[*1]Bank of New York Mellon, etc., respondent,
v
Fenimore St. Realty, Inc., appellant, et al., defendants.

The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fenimore St. Realty, Inc., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated April 25, 2023. The order, insofar as appealed from, denied that defendant's cross-motion to reduce the amount of postjudgment interest accrued.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2011, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn. In February 2014, while this action was pending, Fenimore St. Realty, Inc. (hereinafter Fenimore), purchased the property. In an order and judgment of foreclosure and sale dated March 28, 2017, the Supreme Court, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the property.
In November 2022, the plaintiff moved, inter alia, to extend the time in which to conduct the foreclosure sale. Fenimore cross-moved to reduce the amount of postjudgment interest accrued. In the order appealed from, the Supreme Court granted the plaintiff's motion and denied Fenimore's cross-motion. Fenimore appeals from so much of the order as denied its cross-motion.
A foreclosure action is equitable in nature and triggers the equitable powers of the court (see Wells Fargo Bank, N.A. v Abakporo, 221 AD3d 939, 940; Krupnick v Romano, 220 AD3d 941, 942). In an action of an equitable nature, the recovery of interest is within the court's discretion, and the exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party (see Wells Fargo Bank, N.A. v Abakporo, 221 AD3d at 940; Krupnick v Romano, 220 AD3d at 942; Dayan v York, 51 AD3d 964, 965).
Here, the Supreme Court providently exercised its discretion in denying Fenimore's cross-motion to reduce the interest accrued. Fenimore failed to establish any bad faith or undue delay on the part of the plaintiff that would warrant a reduction in the postjudgment interest (see [*2]Wells Fargo Bank, N.A. v Abakporo, 221 AD3d at 940).
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court