Bank of Am., N.A. v ABC Realty Holdings, Inc. (2025 NY Slip Op 04616)

Bank of Am., N.A. v ABC Realty Holdings, Inc.

2025 NY Slip Op 04616

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-02429
 (Index No. 20135/13)

[*1]Bank of America, N.A., etc., respondent, 
v
ABC Realty Holdings, Inc., appellant, et al., defendants.

Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Hill Wallack, LLP, New York, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant ABC Realty Holdings, Inc., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 2, 2022. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In November 2013, the plaintiff commenced this action against the defendant ABC Realty Holdings, Inc. (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer in which it asserted various affirmative defenses and counterclaims. In April 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated March 26, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In March 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale dated March 2, 2022, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the referee's failure to hold a hearing did not warrant the denial of the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. Pursuant to CPLR 4313, "[u]nless the order of reference otherwise provides, the referee shall forthwith notify the parties of a time and place for the first hearing to be held within twenty days after the date of the order." However, "as long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (U.S. Bank N.A. v Glasgow, 218 AD3d 717, 720 [internal quotation marks omitted]; see LFC Acquisition 3, LLC v Encino Homes Corp., 227 AD3d 1060, 1061-1062). Here, the defendant was not prejudiced by the referee's failure to hold [*2]a hearing, since, in opposing the motion, it "had an opportunity to raise questions and submit evidence directly to the Supreme Court" (Bank of Am., N.A. v Scher, 205 AD3d 989, 990; see LFC Acquisition 3, LLC v Encino Homes Corp., 227 AD3d at 1062).
The defendant's contention that the affidavit of Elizabeth A. Ostermann, an officer of Carrington Mortgage Services, LLC, the plaintiff's loan servicer, constituted inadmissible hearsay is improperly raised for the first time on appeal and has not been considered (see U.S. Bank N.A. v Sallie, 215 AD3d 714, 716; U.S. Bank Trust, N.A. v Rahmaan, 209 AD3d 1053, 1054; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 761).
Contrary to the defendant's contention, under the circumstances of this case, the referee's failure to file his report within 60 days after the date of the order of reference was a mere irregularity that the Supreme Court properly disregarded (see CPLR 2001, 2004; U.S. Bank, N.A. v Gendelman, 214 AD3d 928, 929; Bank of Am., N.A. v Scher, 205 AD3d at 991).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court