Deutsche Bank Natl. Trust Co. v Gendelman (2025 NY Slip Op 05501)

Deutsche Bank Natl. Trust Co. v Gendelman

2025 NY Slip Op 05501

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-05118
 (Index No. 3860/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Tanya Gendelman, et al., defendants, Laurel Avenue Investors Corp., appellant.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Jason Creech of counsel), for respondent.

DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Laurel Avenue Investors Corp. appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 24, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court also dated May 24, 2022, inter alia, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Laurel Avenue Investors Corp. to dismiss the amended complaint insofar as asserted against it, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff commenced two separate actions to foreclose a mortgage on certain real property located in Brooklyn. The actions were subsequently consolidated. In an order dated April 20, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Laurel Avenue Investors Corp. (hereinafter Laurel Avenue) and for an order of reference. Thereafter, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. Laurel Avenue cross-moved to dismiss the amended complaint insofar as asserted against it on the ground, among others, that the plaintiff failed to comply with the 60-day motion requirement set forth in the order dated April 20, 2018. The Supreme Court granted those branches of the plaintiff's motion, denied Laurel Avenue's cross-motion, confirmed the referee's report, and directed the sale of the property. Laurel Avenue appeals, and we affirm.
"'The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility'" (U.S. Bank, N.A. v Gendelman, 214 AD3d 928, 929, quoting Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). Contrary to Laurel Avenue's contention, the referee's findings with regard to the amount due were [*2]substantially supported by admissible evidence in the record (see U.S. Bank, N.A. v Gendelman, 214 AD3d at 929; Wells Fargo Bank, N.A. v Emanuel, 208 AD3d 825, 826).
Laurel Avenue's contention that the Supreme Court should have rejected the referee's report as defective because it was issued more than 60 days after entry of the order dated April 20, 2018, is without merit. The court providently exercised its discretion in disregarding the delay in issuing the report as a mere irregularity (see U.S. Bank, N.A. v Gendelman, 214 AD3d at 929). Furthermore, Laurel Avenue failed to establish that the plaintiff's actions in the litigation warranted the imposition of sanctions against it in the form of limiting the interest awarded to it (see id.; see also CPLR 5001[a]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court