HSBC Bank, USA, N.A. v Santella (2025 NY Slip Op 06607)

HSBC Bank, USA, N.A. v Santella

2025 NY Slip Op 06607

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-12184
 (Index No. 1330/17)

[*1]HSBC Bank, USA, N.A., respondent,
v
Peter T. Santella, Jr., etc., et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Joseph A. Jacobson of counsel), for appellants.
LOGS Legal Group LLP, Rochester, NY (Virginia Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Peter T. Santella, Jr., and Joann M. Santella appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 30, 2023. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, denied the cross-motion of the defendants Peter T. Santella, Jr., and Joann M. Santella to dismiss the complaint insofar as asserted against them or, in the alternative, to toll the accrual of interest on the subject mortgage loan, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In March 2017, the plaintiff commenced this action against the defendants Peter T. Santella, Jr., and Joann M. Santella (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Manhasset. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In an order dated January 14, 2019 (hereinafter the January 2019 order), the Supreme Court, among other things, granted the motion, struck the defendants' answer, and appointed a referee to compute the amount due to the plaintiff. The January 2019 order also stated that the plaintiff's failure to proceed with an application for a judgment of foreclosure and sale within six months may result in an order of dismissal. The defendants appealed from the January 2019 order but failed to timely perfect the appeal, resulting in its dismissal (see 22 NYCRR 1250.10[a]).
In May 2023, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved to dismiss the complaint insofar as asserted against them or, in the alternative, to toll the accrual of interest on the mortgage loan. In an order dated October 30, 2023, the Supreme Court granted the plaintiff's motion [*2]and denied the defendants' cross-motion. In an order and judgment of foreclosure and sale dated October 30, 2023, the court granted the same relief to the plaintiff, denied the same relief to the defendants, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Here, the defendants previously appealed from the January 2019 order granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference but failed to timely perfect the appeal, resulting in its dismissal. The defendants' present contentions that the plaintiff failed to establish its standing, its strict compliance with RPAPL 1304, and the defendants' default could have been raised on the earlier appeal. We decline to exercise our jurisdiction to consider those issues here (see Deutsche Bank Natl. Trust Co. v Light, 235 AD3d 946, 498; JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665, 667).
The Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Mtge. Corp. USA v Jung Ae Lee, 228 AD3d 742, 742 [internal quotation marks omitted]; see U.S. Bank N.A. v Moschetta, 216 AD3d 848, 849). Here, the referee relied upon an affidavit of Christopher Miranda, an employee of the plaintiff, which established a foundation for the admission of business records evidencing certain amounts due (see CPLR 4518[a]; HSBC Mtge. Corp. USA v Jung Ae Lee, 228 AD3d at 743; Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d 972, 973). Accordingly, the referee's report was substantially supported by the record (see HSBC Mtge. Corp. USA v Jung Ae Lee, 228 AD3d at 743; Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d at 973).
Contrary to the defendants' contention, the referee's failure to provide notice or hold a hearing on the issues addressed in the referee's report did not warrant denial of that branch of the plaintiff's motion which was to confirm the referee's report. "[A]s long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236). "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of N.Y. Mellon v Viola, 181 AD3d at 770; see Wells Fargo Bank, N.A. v O'Brien, 234 AD3d 730, 732).
The Supreme Court properly denied that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to timely move for a judgment of foreclosure and sale as directed by the court in the January 2019 order. "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d 118, 123). However, CPLR 2004 provides that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (see Nationstar Mtge., LLC v Dunn, 230 AD3d 1327, 1329). "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403 [internal quotation marks omitted]; see Bank of Am., N.A. v Cord, 214 AD3d 934, 936). Here, the plaintiff established good cause for its failure to timely move for a judgment of foreclosure and sale, as the delay was largely attributable to, among other things, the COVID-19 pandemic. Additionally, the [*3]defendants do not contend that the delay caused them any prejudice. Accordingly, under the circumstances, the court providently exercised its discretion by, in effect, pursuant to CPLR 2004, excusing the plaintiff's delay in moving for a judgment of foreclosure and sale (see Nationstar Mtge., LLC v Dunn, 230 AD3d at 1330; Strong Is. Contr. Corp. v Padilla, 218 AD3d 820, 821).
The Supreme Court providently exercised its discretion in denying that branch of the defendants' cross-motion which was to toll the accrual of interest on the mortgage loan due to the plaintiff's purported delay in prosecuting the action. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajc v Faust, 165 AD3d 716, 717). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (id. at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d 1016, 1018 [internal quotation marks omitted]). Here, "[t]he record contains no evidence of bad faith or undue delay on the part of the plaintiff" (Wells Fargo Bank, N.A. v Abakporo, 221 AD3d 939, 940). Moreover, the delay in moving to confirm the referee's report and for a judgment of foreclosure and sale was explained as having been caused by, among other things, the COVID-19 pandemic, and was "not solely due to the actions of the plaintiff or solely within the plaintiff's control" (id.; see Bank of N.Y. Mellon v George, 186 AD3d 661, 664).
CONNOLLY, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court