**BD Notes LLC v Garofalo Real Estate Holdings, LLC**

2024 NY Slip Op 31937(U)

June 3, 2024

Supreme Court, New York County

Docket Number: Index No. 850162/2022

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. FRANCIS A. KAHN, III                          PART                    32

*Justice*

------------------------------------------------------------------X

BD NOTES LLC,

                           Plaintiff,

                  - v -

GAROFALO REAL ESTATE HOLDINGS, LLC,LAURA
GAROFALO, CITY OF NEW YORK, DEPARTMENT OF
FINANCE, MATT PRICE, ABBEY DALLAS, ARIEL
MOSCONI, MATTHEW KENNEDY, THERESA
HEDGEPETH, NICOLE SHI, ARI AXELROD, DILLAN
CARTER,

                           Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850162/2022 |
| MOTION DATE | |
| MOTION SEQ. NO. | 003 |

**JUDGMENT OF FORECLOSURE
AND SALE and DECISION +
ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163

were read on this motion to/for               JUDGMENT - FORECLOSURE & SALE    .

       Upon the foregoing documents the motion is determined as follows:

       This is an action to foreclose on a mortgage encumbering a commercial parcel of real property located 330 West 86th Street, New York, New York. The mortgage, dated December 1, 2014, was given by Defendant Garofalo Real Estate Holdings LLC ("Holdings") to non-party Signature Bank ("Signature"). The mortgage secures a loan with an original principal amount of $4,300,000.00 which is evidenced by a restated mortgage note of the same date as the mortgage. The note and mortgage were executed by Defendant Laura Garofalo ("Garofalo") as the managing and sole member of Holdings. Plaintiff's motion for summary judgment and an order of reference was granted by order of this Court dated December 8, 2023. Now, Plaintiff moves to confirm the December 27, 2023, report of Referee Paul Sklar, Esq. and for the issuance of a judgment of foreclosure and sale. Defendants Holdings and Garofalo oppose the motion.

       "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (*Citimortgage, Inc. v Kidd,* 148 AD3d 767, 768 [2d Dept 2017]; *see also Bank of N.Y. Mellon v Davis,* 193 AD3d 803 [2d Dept 2021]). A Plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton,* 179 AD3d 734, 738 [2d Dept 2020]). After issuance of the Referee's report, the Supreme Court is authorized to reject the report, in whole or in part, and render its own findings (*see eg Bank of Am., N.A. v Barton,* 199 AD3d 625 [2d Dept 2021]).

850162/2022  BD NOTES LLC vs. GAROFALO REAL ESTATE HOLDINGS, LLC ET AL
Motion No.  003

Page 1 of 6

In support of the calculation, Plaintiff submitted the affidavit of Steve Hackel ("Hackel"), an Authorized Officer of Plaintiff. Hackel demonstrated personal knowledge of Plaintiff's recordkeeping procedures and laid a proper foundation for the admission of its records by demonstrating the requisites of CPLR §4518 (*see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]). The records of prior servicers were also admissible since Hackel attested those records were received from the makers, incorporated into the records Plaintiff kept and it routinely relied on such records in its business (*see Bank of Am., N.A. v Brannon*, 156 AD3d 1, 10 [1st Dept 2017]; *cf. U.S. Bank N.A. v Kropp-Somoza,* 191 AD3d 918 [2d Dept 2021]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780, 782-783 [2d Dept 2019]). The affidavit and the records attached to thereto sufficiently supported the Referee's calculation (*see U.S. Bank, N.A. v Saraceno*, 147 AD3d 1005 [2d Dept 2017]; *HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930 [2d Dept 2015]). The branch of the motion to amend the caption is denied as unnecessary.

In opposition, the claim that the Referee was required to conduct a hearing with live witnesses is meritless since "absent the existence of a relevant factual dispute a referee is not required to hold a hearing prior to issuing a report in every case" (*Bank of N.Y. Mellon v Tedesco*, 174 AD3d 490, 492 [2d Dept 2019]; *see also Dune Deck Owners Corp. v J.J.&P. Assocs. Corp.*, 85 AD3d 1091 [2d Dept 2011]). In support of this claim, Defendants failed to identify what disputed factual issues required a hearing. In any event, the claim that Defendants lacked an opportunity to submit information to the Referee is of no moment since "[w]here, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (*Bank of Am., N.A. v Scher*, 205 AD3d 989, 990 [2d Dept 2022]; *see also Bank of N.Y. Mellon v Viola*, 181 AD3d 767 [2d Dept 2020]). Also, Defendants' assertion that Plaintiff failed to lay a proper foundation under CPLR §4518[a] is without merit (*see U.S. Bank Trust, N.A. v Bank of Am., N.A.*, 201 AD3d 769, 772 [2d Dept 2022]).

Accordingly, it is

ORDERED and ADJUDGED that the motion for a judgment of foreclosure and sale and to confirm the referee's report is granted; and it is further

ORDERED that the mortgaged property described in the complaint and as described in this judgment, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of sale and the costs of this action as provided in the RPAPL be sold within 1 year of this judgment, in one parcel, at a public auction at the New York County Courthouse located at 60 Centre Street, New York, New York under the direction of **Paul Sklar, Esq.,** who is appointed Referee for this purpose; and it is further

ORDERED that **PRIOR** to scheduling publication, Plaintiff shall contact the auction part clerk at **sfc-foreclosures@nycourts.gov** and obtain consent to place the matter on the auction calendar and, thereafter, Plaintiff shall upload the notice of sale to NYSCEF at least 21 days before the sale and the Referee. IF THE AUCTION IS NOT ON THE CALENDAR, then *the auction will not go forward*; and it is further

ORDERED that after receiving permission from the Auction Part Clerk, the Referee shall give public notice of the time and place of sale in accordance with RPAPL 231(2) in the **New York Amsterdam News**; and the referee need not conduct the sale unless plaintiff shall provide the referee

**850162/2022 BD NOTES LLC vs. GAROFALO REAL ESTATE HOLDINGS, LLC ET AL**
**Motion No. 003**

Page 2 of 6

2 of 7

with proof of publication of the notice of sale, and if the sale is adjourned due to plaintiff's failure to provide such proof, then said adjournment shall not be considered at the referee's request; and it is further

ORDERED that by accepting this appointment the Referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for herself/himself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees or its representatives is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives; and it is further

ORDERED that if the Referee cannot conduct the sale within 1 year of the date of this judgment, plaintiff must make a motion to extend the time to sell the subject property explaining the reasons for the delay; and it is further

ORDERED that at the time of sale the Referee may accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee in cash, certified check or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff, in which case no deposit against the purchase process shall be required and it is further

ORDERED that notwithstanding the previous paragraph, the Referee shall have the right to refuse cash payments and require a bank or certified check from the successful bidder and the Referee shall be entitled to qualify bidders and require bidders to show proof of funds before or during the auction; and it is further

ORDERED that in the event the first successful bidder fails to execute the Terms of Sale or fails to immediately pay the ten percent (10%) deposit as required, the property shall be immediately reoffered at auction on the same day; and it is further

ORDERED the Referee shall deposit the down payment and proceeds of sale, as necessary in an FDIC-insured bank where the Referee has an account for that purpose in accordance with CPLR 2609; and it is further

ORDERED that after the balance of the purchase price is paid or credited and the property is sold, the Referee shall execute a deed to the purchaser in accordance with RPAPL 1353 and the terms of sale (which shall be deemed a binding contract); and it is further

850162/2022   BD NOTES LLC vs. GAROFALO REAL ESTATE HOLDINGS, LLC ET AL        Page 3 of 6
Motion No.  003

3 of 7

ORDERED that in the event a party other than Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale; and it is further

ORDERED that, pursuant to RPAPL 1353(1), if Plaintiff (or its affiliate as defined in paragraph [a] of subdivision one of section six-1 of the banking law) is the purchaser, the property shall be placed back on the market for sale or other occupancy within 180 days of the execution of the deed of sale or within 90 days of construction, renovation, or rehabilitation of the property, provided that such construction, renovation or rehabilitation proceeded diligently to completion, whichever comes first, provided that this court grants an extension upon a showing of good cause; and it is further

ORDERED that the Referee, after receiving the proceeds of the sale, shall pay (from the proceeds) the taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property in accordance with their priority according to law with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED that the Referee shall deposit the balance of the proceeds from the sale in his or her own name as Referee in an FDIC-insured bank where the Referee has an account for that purpose and shall make the following payments in accordance with RPAPL 1354:

1. The Referee's fees for conducting the sale, which are $1,100.00. Plaintiff shall also compensate the Referee in the sum of $350 for each adjournment or cancellation made on less than two business days' notice unless the Referee caused the delay.

2. All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments or water rates and any other amounts due in accordance with RPAPL 1354(2). The purchaser shall be responsible for interest and penalties accrued *after* the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed.

3. The expenses of the sale and the advertising expenses as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the report of sale.

4. The Referee shall also pay to the Plaintiff or its attorneys the following:

   a. Amount Due from the Referee's Report: the sum of $5,542,012.52 together with interest at the note rate from November 30, 2023 until entry of judgment, together with any advances as provided for in the note and mortgage which Plaintiff had made for taxes, insurance, principal, and interest and any other charges due to prior mortgages or to maintain the property pending consummation of the foreclosure sale, not included in the computation upon presentation of receipts for said expenditures to the Referee, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred.

   b. Costs and Disbursements: _____ (to be filled in by the Clerk) to Plaintiff for costs and disbursements in this action with interest at the statutory judgment rate from the date of entry of this judgment.

**850162/2022   BD NOTES LLC vs. GAROFALO REAL ESTATE HOLDINGS, LLC ET AL**
**Motion No. 003**

**Page 4 of 6**

    c. The Court declines to award additional allowance.

    d. Attorneys' Fees: Plaintiff's counsel failed to submit an affirmation of legal services, addressing the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved (*see Jordan v Freeman*, 40 AD2d 656 [1st Dept 1972]). Accordingly, the issue of attorney's fees is severed and shall be awarded in a separate order of the Court which will be issued upon Plaintiff's motion, on notice, supported by the necessary information.

5. Surplus monies from the sale shall be paid into Court by the Referee within five days after receipt in accordance with RPAPL 1354(4); and it is further

ORDERED that if Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at the sale and the terms of sale under this judgment shall be assigned to or be acquired by Plaintiff, and a valid assignment is filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified as 1, 2, and 3 above, and the Referee shall allow Plaintiff to pay the amounts specified in 2 and 3 above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by Plaintiff, shall be applied to the amount due to Plaintiff as specified in 4 above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with 5 above; and it is further

ORDERED that all expenses of recording the Referee's deed, including real property transfer taxes, which is not a lien upon the property at the time of sale, shall be paid by the plaintiff from the sale proceeds; and it is further

ORDERED that Plaintiff may seek to recover a deficiency judgment in accordance with RPAPL 1371, if applicable, and it is further

ORDERED that if the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL 1354, any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale, any rights pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED that defendants in this action and persons claiming through them and any person possessing a junior interest in the property after the Notice of Pendency was filed are barred and

**850162/2022  BD NOTES LLC vs. GAROFALO REAL ESTATE HOLDINGS, LLC ET AL**
**Motion No.  003**

Page 5 of 6

5 of 7

foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED that within **14 days** after completing the sale and executing the proper conveyance to the purchaser, the Referee shall file with the clerk a report under oath of the disposition of the proceeds of the sale and upload the report to NYSCEF if it is an e-filed case; and it is further

ORDERED that if the purchaser or purchasers at said sale default upon the bid or terms of sale, the Referee may re-notice the property for sale with or without prior application to this Court, and the deposit of the recalcitrant bidder forfeited and retained by Plaintiff as liquidated damages; and it is further

ORDERED that Plaintiff shall serve a copy of this judgment with notice of entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL 1307 or 1308 to secure and maintain the property until ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED that when the Referee files a report of sale, she or he shall also file a Foreclosure Action Surplus Monies Form and also upload this document to NYSCEF if an e-filed case; and it is further

ORDERED that, without further order of the Court, the referee shall be entitled to an additional fee of $950.00 for conducting and attending a closing with a purchaser other than plaintiff, plus, if such a closing is scheduled for the referee's conference room, then the referee shall be entitled to a reasonable fee for use thereof, without further order of the Court; and it is further identified:

A description of the premises is annexed hereto as schedule A.

| 6/3/2024 | | | FRANCIS KAHN, III, A.J.S.C. |
|---|---|---|---|
| DATE | | | HON. FRANCIS A. KAHN III |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | | J.S.C. |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER | |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | X | FIDUCIARY APPOINTMENT | | REFERENCE | |

**850162/2022  BD NOTES LLC vs. GAROFALO REAL ESTATE HOLDINGS, LLC ET AL**
Motion No.  003

Page 6 of 6

FILED: NEW YORK COUNTY CLERK 08/23/2022 01:21 PM

## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, known and designated as Lot 49 in Block 1247 Section 4 on the Tax Map of the City of New York for the Borough of Manhattan, as said Map was on 07-19-1991. Said premises are more particularly described pursuant to a survey made by Earl B. Lovell-S.P. Belcher, Inc., dated 05-03-1952 and redated 10-10-2000 as follows:

BEGINNING at a point on the southerly side of West 86th Street, distant 400 feet Westerly from the corner formed by the intersection of the Southerly side of West 86th Street and the Westerly side of West End Avenue;

RUNNING THENCE Southerly and parallel with the Westerly side of West End Avenue, 102 feet 2 inches to the center line of the block;

RUNNING THENCE Westerly and parallel with the Southerly side of West 86th Street, 40 feet along said center line of the block;

THENCE Northerly and parallel with the Westerly side of West End Avenue 2 feet 2 inches;

THENCE Easterly parallel with the southerly side of West 86th Street 20 feet;

THENCE northerly and parallel with the westerly side of West End Ave. and part of the distance through a party wall, 100 feet to the southerly side of West 86th Street;

THENCE easterly along the southerly side of West 86th Street, 20 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY
Premises also known as:

330 West 86th Street
New York NY 10024

Block:1247 Lot:49

County of:       NEW YORK

EXHIBIT β